1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10   NERY'S USA, INC., *et al.*,            )   Civil No. 15cv2135 JAH (JMA)
                                            )
11                   Plaintiffs,            )   **ORDER DENYING WITHOUT**
                                            )   **PREJUDICE PLAINTIFFS' MOTION**
12   v.                                     )   **FOR DEFAULT JUDGMENT (DOC.**
                                            )   **# 24)**
13                                          )
     ZAHAVA GROUP, INC., *et al.*,          )
14                                          )
                     Defendants.            )
15   _____ )

16          Plaintiffs Nery's USA, Inc. ("Nery's") and Commercial Targa S.A. de C.V. ("Targa")

17   (collectively "Plaintiffs") filed the operative complaint on November 19, 2015, seeking

18   compensatory and punitive damages for malicious prosecution. (See Docs. # 6, 9). The

19   clerk entered default against Defendant Zahava Group, Inc. ("Zahava") on December 23,

20   2015. (Doc. # 15). Plaintiffs now request an entry of default judgment against Zahava in

21   the amount of $4,595,358.60. (Doc. # 24; Doc. # 36, pg. 2). For the reasons set forth

22   below, Plaintiffs' Motion for Default Judgment Against Defendant Zahava Group, Inc. is

23   DENIED WITHOUT PREJUDICE.

24                                **I. BACKGROUND**

25   <u>A. The Parties</u>

26          Plaintiff Nery's is a Nevada corporation that distributes cheese in the United States

27   and Canada. Nery's owns Plaintiff Targa, a Mexican business entity that distributes cheese

28   in Mexico under the trademarked name "Nery's."  Plaintiffs filed the instant complaint

against five defendants, but voluntarily dismissed two parties.[1]  The remaining defendants are: (1) Zahava Group, Inc., a California corporation, (2) David Finkelstein, CEO of Zahava, and (3) Kurt Hallock, former counsel for Zahava.  At one time, Zahava was licensed to sell Nery's brand cheese in Mexico, but Nery's terminated this agreement in 2010 due to Zahava's breach and failure to cure.

### B. Procedural History

On June 1, 2011, Plaintiffs filed a lawsuit against Zahava, Representaciones, Alimentador, and Finkelstein for trademark infringement and breach of contract alleging that the defendants had continued to sell Nery's brand cheese after their license was terminated.  On December 5, 2011, Zahava filed a cross-complaint against Nery's, Targa, and Nascent Wines, Inc. alleging the following seven causes of action: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) misrepresentation, (4) negligent misrepresentation, (5) concealment, (6) negligence, and (7) conversion. Plaintiffs filed a motion for summary adjudication, and on December 5, 2012, the third, fourth, and fifth causes of action in the cross-complaint were dismissed.  Plaintiffs then filed a second amended complaint, and Hallock advised Plaintiffs' attorney that his clients could not maintain an adequate defense through trial because Zahava's insurance company, The Hartford, had denied Zahava's defense in bad faith.  As a result, on June 21, 2013, Hallock filed a request for entry of default against the defendants.

Believing Hallock's representation that The Hartford had twice denied the defendants' defense in bad faith, Plaintiffs agreed to resolve the case. At a prove-up hearing on August 7, 2013, the state court entered judgment in Plaintiffs' favor in the amount of $5,007,982.  (Doc. # 6, pg. 6). Plaintiffs believed that the underlying litigation was over and that the defendants were going to sue The Hartford for denying insurance coverage in bad faith. In reality, The Hartford had offered to defend Zahava prior to entry

---

[1]Representaciones de CA, S.A. de C.V. ("Representaciones") and Alimentador del Pacifico ("Alimentador") are Mexican business entities headquartered in Tijuana, Mexico. These entities were also named as defendants in the instant complaint.  However, on January 13, 2016, Plaintiffs voluntarily dismissed these defendants. (See Doc. # 18).

1   of default. As a result, the default was set aside, and Plaintiffs' judgment was vacated.

2       Plaintiffs tendered a policy limits demand to Zahava, which The Hartford paid in

3   full.  Plaintiffs then dismissed their complaint with prejudice. However, the defendants

4   continued to prosecute the cross-complaint.  In November, 2014, the case was tried in a

5   bench trial in San Diego Superior Court. At the end of the defendants/cross-complainants'

6   case, Plaintiffs brought a motion for judgment, which the state court granted. The state

7   court issued its formal statement of decision on May 14, 2015. (See Doc. # 24-6).

8       ### C. The Instant Action

9       On November 19, 2015, Plaintiffs filed the operative complaint alleging malicious

10  prosecution based on the defendants' prosecution of the cross-complaint. (Doc. # 6). As

11  a result of the defendants' malicious prosecution, Plaintiffs allege that they suffered

12  damage in the form of: (1) litigation costs, (2) attorney's fees, (3) loss of business, (4)

13  emotional distress, and (5) damage to reputation. In their complaint, Plaintiffs request no

14  less than $4 million in compensatory damages and no less than $2 million in punitive

15  damages. Id. at 22.

16      On December 22, 2015, summons was returned executed as to Defendant Zahava,

17  and Plaintiffs filed a request for the clerk's entry of default as to Zahava. (Docs. # 12, 13).

18  The clerk entered default the following day. (Doc. # 15). On April 15, 2016, Plaintiffs

19  filed a notice of errata and corrections to their motion for default judgment decreasing the

20  requested default judgment from approximately $21 million to $4,595,358.60. (See Doc.

21  # 36, pg. 2). Plaintiffs' requested default judgment consists of $2,297,679.30 in

22  compensatory damages and $2,297,679.30 in punitive damages. Id. at   1–2. The

23  compensatory damages figure is comprised of $2,177,819 for interruption of Plaintiffs'

24  business relations, $116,212 in attorney's fees to defend against the cross-complaint, and

25  $3,648.30 in litigation costs.[2] (Doc. # 24-1, pg. 21; Doc. # 24-2, pg. 7).

26

27  [2]Plaintiffs' complaint states that Plaintiffs incurred $3,648.30 in litigation costs to
28  defend against the cross-complaint whereas Plaintiffs' second supplemental brief asserts
    that the costs amounted to $3,648.65. (See Doc. # 24-2, pg. 7; Doc. # 39-1, pg. 9, 19).
    The Court will operate under the premise that Plaintiffs incurred $3,648.30 in litigation

On April 18, 2016, this Court held a hearing on Plaintiffs' motion for default judgment. Attorney Daral B. Mazzarella appeared on behalf of Plaintiffs. Attorneys for Finkelstein and Hallock were also present. On behalf of Plaintiffs, Mazzarella presented the Court with supplemental briefing regarding Plaintiffs' damages, which the Court accepted. (See Doc. # 38). The Court also requested Plaintiffs to file further briefing detailing: (1) the attorney's fees and costs that Plaintiffs incurred, and (2) which of those attorney's fees are attributable to Zahava. On April 22, 2016, Plaintiffs filed supplemental briefing discussing these issues. (See Doc. # 39).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The Clerk of Court may enter default judgment if the amount sought is "for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1). In all other cases, the application must be made to the court. FED. R. CIV. P. 55(b)(2).

The Ninth Circuit has articulated the following factors for courts to consider in determining whether to grant default judgment: (1) the substantive merit of the plaintiff's claims, (2) the sufficiency of the complaint, (3) the amount of money at stake, (4) the possibility of prejudice to the plaintiff if relief is denied, (5) the possibility of disputes to any material facts in the case, (6) whether default resulted from excusable neglect, and (7) the public policy favoring the resolution of cases on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment; granting or denying relief is within the court's discretion. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). For relief to be granted, the plaintiff is required to state a claim and provide proof of all damages sought in the complaint. See PepsiCo Inc.

---

costs because Plaintiffs calculated their total costs and fees as if costs were $3,648.30. (See Doc. # 39-1, pg. 1). Further, the thirty-five cent differential is immaterial at this stage.

v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1175 (C.D. Cal. 2002). Further, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." FED. R. CIV. P. 54(c). "The court may conduct hearings or make referrals ... when, to enter or effectuate judgment, it needs to: (a) conduct an accounting; (b) determine the amount of damages; (c) establish the truth of any allegation by evidence; or (d) investigate any other matter." FED. R. CIV. P. 55(b)(2).

A default judgment on fewer than all defendants must comply with Federal Rule of Civil Procedure 54(b), which states that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order ... that adjudicates fewer than ... all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. P. 54(b).

### III. DISCUSSION

Plaintiffs move for default judgment against Zahava. However, defendants Finkelstein and Hallock are not in default and remain in the present action.  Plaintiffs request an entry of default judgment against Zahava in the amount of  $4,595,358.60. (Doc. # 36, pg. 1–2). Plaintiffs contend that the entry of default judgment against Zahava is appropriate at this time because Zahava is jointly and severally liable, and Plaintiffs will not obtain double recovery of damages if default is entered against Zahava. (Doc. # 39, pg. 7–9). For the following reasons, the Court disagrees.

In Frow v. De La Vega, the Supreme Court cautioned that a court should not enter default judgment against a defendant when the judgment is likely to be inconsistent with a judgment on the merits as to the other remaining defendants. 82 U.S. 552, 554 (1872). Therefore, where the defendants are jointly liable or similarly situated, and one of them defaults, "judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001) (citing Frow, 82 U.S. at 554); accord Garamendi v. Henin, 683

F.3d 1069, 1083 (9th Cir. 2012) (stating that the district court followed proper procedure where the court waited until completion of the trial against the non-defaulting defendants before fixing damages and entering default judgment against the defaulting defendant); Bell-Sparrow v. Wiltz, No. C 12-0282, 2014 WL 572020, at *2 (N.D. Cal. Feb. 11, 2014); Pension Trust Fund for Operating Eng'rs v. Dalecon, Inc., No. C 11-02851, 2013 WL 1089747, at *3 (N.D. Cal. Mar. 15, 2013).

Here, the instant matter falls squarely within the parameters of Frow. Plaintiffs allege that Zahava, Finkelstein, and Hallock are jointly and severally liable for Plaintiffs' damages because they "acted together" and "caused an indivisible harm." (Doc. # 39, pg. 9). Further, Plaintiffs allege the same facts and cause of action against all three defendants. (See Doc. # 6). However, Zahava has defaulted, whereas Finkelstein and Hallock have not. Thus, in accordance with Frow, the Court finds that default judgment should not be entered against Zahava until the case has been adjudicated as to defendants Finkelstein and Hallock. Accordingly, the Court DENIES WITHOUT PREJUDICE Plaintiffs' motion for default judgment against Zahava. Plaintiffs are free to renew the motion for default judgment against Zahava at the conclusion of the case against Finkelstein and Hallock.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE Plaintiffs' motion for default judgment (Doc. # 24).

Dated: June 15, 2016

JOHN A. HOUSTON
United States District Judge

6

15cv2135